United States District Court
Southern District of Texas
**ENTERED**
January 05, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE ISRAEL VILLA-REYES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | MISC. ACTION NO. 7:18-MC-1858 |
| | § | |
| ROBERT FARLEY, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner Jose Israel Villa-Reyes filed a petition collaterally attacking his federal sentence, based primarily on allegations of ineffective assistance of counsel. (Docket No. 1.)[1] There were at least two problems with the petition. First, he filed it as a habeas petition pursuant to 28 U.S.C. § 2241, rather than as a Motion to Vacate, Set, Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (*See id.*) Second, when he filed the petition, the appeal of his criminal case was still pending. Petitioner did not respond to the undersigned's order regarding the first problem, and the Fifth Circuit later ruled in his favor on appeal. Petitioner was apparently satisfied with the resulting lower sentence (imposed on remand), and he has never taken any other action to pursue the instant § 2241 petition.

As discussed below, Petitioner has failed to prosecute this action by failing to comply with the relevant rules and failing to keep the Clerk advised of his current address. Accordingly, the undersigned recommends that this action be dismissed.

## I.      BACKGROUND

On February 6, 2018, Petitioner pleaded guilty to conspiracy to interfere with interstate commerce by means of robbery in violation of 18 U.S.C. § 1951(a) (Hobbs Act) (Count Eight of

---

[1] Docket entry references are to the miscellaneous action, unless otherwise noted.

the Superseding Indictment) and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(i) (Count Ten of the Superseding Indictment).  (*See Jose Israel Villa-Reyes v. United States*, Case No. 7:17-cr-287-2, Docket Nos. 63, 72, 77 (S.D. Texas, McAllen Div.).)  On May 1, 2018, the Honorable United States District Judge Micaela Alvarez sentenced Petitioner to 33 months of imprisonment as to Count Eight and 70 months of imprisonment as to Count Ten, to run consecutively.  (*See id.* at Docket No. 102, Minute Entry for 5/1/2018.)  On May 4, 2018, Petitioner filed a direct appeal, arguing that his conviction as to Count Ten should be reversed and his sentence vacated because conspiracy to commit Hobbs Act robbery is not crime of violence within the meaning of 18 U.S.C. § 924(c)(3). (*See United States v. Villa-Reyes*, App. No. 18-40438, App. Docket No. 60.)

In September 2018, while his appeal was still pending, Petitioner filed the instant action seeking to collaterally attack his sentence.  (Docket No. 1.)  Construed liberally, Petitioner claims that his attorney provided ineffective assistance, principally by failing request a mitigating role reduction during sentencing.  (*Id.* at 7-8.)  Petitioner also requests a reduction in his sentence based on an alleged sentencing error by the District Court.  (*Id.* at 8–9.)  As noted, Petitioner filed his petition pursuant to § 2241, rather than as a motion to vacate pursuant to § 2255.

The undersigned entered an order informing Petitioner that to properly evaluate his claims, the Court may recharacterize his petition as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (Docket No. 2, at 1.)  The Court further informed Petitioner that because a petitioner may not file more than one motion pursuant to 28 U.S.C. § 2255 without leave of an appropriate appellate court, the Court was granting Petitioner thirty

(30) days to withdraw or amend his motion before it was recharacterized as a motion pursuant to 28 U.S.C. § 2255.  (*Id.*)  Petitioner never responded.

On June 7, 2019, the Fifth Circuit granted Petitioner's request to vacate his conviction as to Count Ten and remanded the case for re-sentencing as to Count Eight.  (*See United States v. Villa-Reyes*, App. No. 18-40438, Docket Nos. 99, 100.)  On September 26, 2019, the District Court re-sentenced Petitioner to 50 months of imprisonment as to Count Eight.[2]  (*See Villa-Reyes*, Case No. 7:17-cr-287-2, Docket Nos. 132, 133, Minute Entry for 9/26/2019.)  The District Court did not impose a term of supervised release.

Publicly available records show that Petitioner was released from custody on August 20, 2020.  *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Dec. 28, 2020).  As to the instant miscellaneous case, Petitioner did not respond to the undersigned's order, and Petitioner has had no contact with the Court regarding his petition since its filing in September 2018.

## II.      ANALYSIS

Petitioner's action is subject to dismissal for failure to prosecute.  Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order."  FED. R. CIV. P. 41(b).  Such dismissal may be made upon motion by the opposing party or on the court's own motion.  *See McCullough v. Lynaugh*, 835 F.2d

---

[2] At the original sentencing hearing on May 1, 2018, the applicable Guidelines range as to Count Eight was 27 to 33 months, based on an offense level of 17 and a criminal history category of II.  (*See Jose Israel Villa-Reyes v. United States*, Case No. 7:17-cr-287-2, Docket No. 102 (S.D. Tex., McAllen Div.).)  This range did not include a five-level enhancement under U.S.S.G. § 2B3.1(b)(2) for possessing a firearm because, under U.S.S.G. § 2K2.1, comment n.4, that enhancement did not apply due to Petitioner's conviction on Count Ten.  (*See id.* at Dkt. 123.)  Once the Fifth Circuit vacated the conviction in Count Ten, the five-level enhancement applied to Count Eight, and the applicable Guidelines range was then 46 to 57 months', based on a total offense level of 22 and criminal history category of II.  (*See id.*)

1126, 1127 (5th Cir. 1988).  While a court should be "appropriately lenient" with a party who is proceeding pro se, the "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).  Petitioner has failed to comply with the relevant rules and to prosecute this action.

As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)).  This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address."  LR 83.4

Petitioner has failed to provide an updated address to the Clerk as required by Local Rule 83.4.  As noted above, Petitioner has been released from the custody of the U.S. Bureau of Prisons and has presumably been deported back to Mexico.  Petitioner did not file an updated address with the Court upon his release from custody.

In short, Petitioner has failed to prosecute this action.  Because Petitioner has failed to provide an updated address in compliance with Local Rule 83.4, this case should be dismissed for failure to prosecute.  *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep apprised of their correct address); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (explaining that a district court may dismiss an action

sua sponte for failure to prosecute).   No less drastic sanction is available here, given that Petitioner has failed to provide an updated address and the Court thus cannot communicate with him.[3]   *See Carey*, 856 F.2d at 1441 (finding that dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).   It appears Petitioner was satisfied with the result of his appeal and simply abandoned this action.[4]

### III.   <u>CONCLUSION</u>

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be DISMISSED without prejudice based on Petitioner's failure to prosecute.   It is further recommended that Petitioner be denied a certificate of appealability as unnecessary.[5]

### <u>NOTICE TO THE PARTIES</u>

The Clerk shall send copies of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.   Failure to file timely

---

[3] A copy of this Report will be sent to Petitioner at the address he provided.   Should Petitioner respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.

[4] In the alternative, if the District Court chooses to recharacterize the petition as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, it appears that the claims asserted in the petition are now moot.   Petitioner claims that his attorney provided ineffective assistance when he failed to request a mitigating role reduction during sentencing and when Petitioner told him he "never discharge[d] or use[d] any firearm[.]"   However, Petitioner has served his sentence, and he was not sentenced to a term of supervised release.   *See Lane v. Williams*, 455 U.S. 624, 631–32 (1982).

[5] A petitioner "proceeding under 2241 . . . is not required to obtain a certificate of appealability to pursue [a direct] appeal."   *Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (per curiam) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)).

written objections shall bar an aggrieved party from receiving a de novo review by the District

Court on an issue covered in this Report and, except upon grounds of plain error, from attacking

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the

District Court.

DONE at McAllen, Texas on January 4, 2021.

Peter E. Ormsby
United States Magistrate Judge